IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2110-BO

| | |
|---|---|
| DOMINIQUE LEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ERIK A HOOKS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The matter is before the court on respondent's motion for summary judgment (DE 17) pursuant to Federal Rule of Civil Procedure 56(a). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF THE CASE

On May 31, 2017, petitioner, a state inmate, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the disciplinary convictions he received for possession of contraband (D-3) and fighting or confrontation (C-4) at Tabor Correctional Institution ("Tabor") on October 17, 2016. On June 7, 2017, United States Magistrate Judge Robert B. Jones, Jr. entered an order of deficiency informing petitioner, *inter alia*, that he did not file his petition on the proper form. Petitioner then filed his corrected petition on the proper form on June 19, 2017. In his corrected petition, petitioner alleged the following two claims pursuant to the Due Process Clause of the Fourteenth Amendment: (1) he did not receive notice of his disciplinary charges 24 hours before the hearing since his disciplinary reports were not signed and dated before he appeared

before the disciplinary hearing officer ("DHO"); and (2) the DHO was not impartial because there was no evidence to support a finding of guilt as to either disciplinary charge.

On January 25, 2018, respondent filed a motion for summary judgment, arguing that petitioner's disciplinary convictions do not violate petitioner's constitutional rights. Alternatively, respondent argues that the petition should be dismissed because petitioner failed to exhaust his state court remedies.[1] The motion was fully briefed.

## STATEMENT OF FACTS

The summary of the records developed at petitioner's October 17, 2016, disciplinary hearings are as follows:

> [D-3 Offense]
>
> Based on the reporting party's Statement on 9/25/16 Approx 1630, SGT. S. Brown states while conducting inventory on I/Dominique Lee 0237068 due to I/M being placed in restrictive housing the following contraband was found; 1 extra toothpaste, 1 extra comb, 3 plastic bags, 1 torn cloth with unknown substance, 3 rubber gloves, 3 packs of crackers, 1 dread lock, 1 homemade necklace, 5 color sheets, 30 extra sheets of carbon paper, 1 newspaper, 1 photo magnet, 10 empty yellow envelopes, 1 wire 1 altered ear buds, 1 oil I nasal spray bottle, 1 plastic medication poster, 2 elastic strips, 4 Efferdent tablets, 2 large band-aids, 1 paper [] cli[p]. Sgt Brown states contraband was photographed and sent to contraband locker. Sgt Brown states I/M was informed of disciplinary action and ID'D by ID card. Inmate Dominique Lee #0237068 is being charged with DO3 offense. . . .

---

[1] Respondent asserts that petitioner failed to exhaust his North Carolina State court remedies prior to bringing this action. The court, however, finds it appropriate to proceed on the merits pursuant to 28 U.S.C. § 2254(b)(2), which provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State."

2

Following the reading of the summary of evidence, the I/M was explained his disciplinary and appeal rights. The I/M pled not guilty to the DO3 offense. The inmate submitted a written statement. The inmate did not request staff assistance nor live witnesses. The inmate requested physical evidence but did not state what evidence. The DHO did review copies of contraband attached to the package. The inmate requested a written statement from Chaplin Hovis who stated NCDPS religious policy does not allow a necklace as religious item for Rastafarian inmates. He also writes the necklace looks to be homemade. The inmate's written statement indicates nothing. Based on the reporting party's statement and the investigating officer's report, the inmate is found guilty of the DO3 offense . . . .

I/M restrained and unable to sign. He was provided a copy of record of hearing, punishment and appeal form. This was witnessed by A.Cox.

[CO4 Offense]

Based on the reporting party's statement on 9/25/16 approx 1145, C/O B. Bullard states while in red control he saw I/M Wayne McCullers(sic) 0855961 and I/M Dominique Lee 0237068 both go down to the ground fighting in C POD. C/O Bullard states he called for a Code 4. . . .

Following the reading of the summary of evidence, the I/M was explained his disciplinary and appeal rights. The I/M pled not guilty to the C04 offense. The inmate submitted a written statement. The inmate did not request staff assistance. The inmate did request video review which was conducted by UM Smith who reports inmate Lee Struck I/M McCullen after inmate McCullen had struck him. This was a physical altercation between two inmates. The inmate requested live witnesses and wrote C/O Bullard. He will not be called as a live witness due to currently not on the facility and he is the reporting party, statement attached. The inmate requested a written statement from Capt. Nolan and C/O Jenkins. Those statements are attached and will be reviewed by the DHO during the hearing. During the hearing, the inmate had nothing else to add. The inmate's written statement indicates the charge should be dismissed because he was assaulted. Capt. Nolan's written statement indicates he reviewed the camera and both [inmates] were fighting and he can't say who started it. C/O Jenkins's written statement indicates he has no knowledge of an incident that occurred on 9/25/16. Based on the

3

>reporting party's statement and the investigating officer's report, the inmate was found guilty of the CO4 offense. . . .
>
>I/M restrained and unable to sign. He was provided a copy of the record of hearing, punishment and appeal form. This was witnessed by A. Cox.

(Resp't's Mem. Ex. 1, pp. 1-2 and 7).

Following petitioner's conviction for the D-3 disciplinary offense, the DHO sanctioned petitioner with the following: (1) 15 days segregation; (2) 10 days disallowance of good-time credit; and (3) 20 hours of extra duty. (Id. at 4). Petitioner received the following sanctions for his C-4 disciplinary conviction: (1) 30 days segregation; (2) 20 days disallowance of good-time credit; and (3) 30 hours of extra duty. (Id. p. 30). Petitioner's C-4 disciplinary conviction subsequently was affirmed on appeal. (Id. p. 21). However, on January 9, 2018, the Chief DHO vacated petitioner's conviction and punishment for the D-3 offense because petitioner's appeal from the D-3 offense was never processed due to administrative oversight. (Id. Ex. 3).

## DISCUSSION

A. Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material

4

fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good-time credit, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). Under the Wolff standard, an inmate is entitled to the following: (1) written notice of the charges at least 24 hours in advance of the hearing; (2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564-566. Additionally, the findings of a prison disciplinary board must be supported by some evidence in the record, Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454-55 (1985), and be made by an impartial adjudicator. Wolff, 418 U.S. at 570-71. The court now considers petitioner's due process claims in turn.

  a.   D-3 Disciplinary Proceedings

The court begins with petitioner's claims related to his D-3 disciplinary conviction for possession of contraband. The record reflects that petitioner's D-3 disciplinary conviction and punishment were vacated. (Resp't's Mem. Ex. 3). The procedural safeguards for prison disciplinary hearings apply only when loss of statutory good-time credit is at issue. See, e.g., Wolff, 418 U.S. at 539, 556–57, 563–72; see also Sandin v. Conner, 515 U.S. 472, 484 (1995) ("[L]iberty interests

5

which are protected by the Due Process Clause . . . will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Because petitioner's punishment for the D-3 charge was vacated, he did not lose any statutory good-time credit. Thus, petitioner has not established a due process violation, and respondent's motion for summary judgment is GRANTED as to petitioner's claims arising out of his D-03 disciplinary proceedings.

        b.        C-4 Disciplinary Proceedings

Petitioner asserts that he was denied due process because he did not receive notice of his C-4 disciplinary charge 24 hours before his disciplinary hearing. The record reflects that prison officials presented petitioner with a copy of his offense and disciplinary report on October 11, 2016– six days prior to petitioner's October 17, 2016 disciplinary hearing. (Resp't's Mem. Ex. 1, p. 32). Petitioner, however, refused to sign the document asserting that it was "obviously not first reviewed and/or approved by the facility head/designee as required by DPS policy." (Id. p. 32; (DE 24), p. 3). Alleged prison policy violations do not rise to the level of a constitutional violation. See Joyner v. Patterson, No.0:13-2675, 2014 WL 897121, at *4 (D.S.C. Mar. 6, 2014) ("Violations of prison policies alone do not rise to the level of a constitutional deprivation."), aff'd, 579 F. App'x 748 (4th Cir. 2015). Moreover, due process does not require that the facility head/designee review or approve a disciplinary report. See Wolff, 418 U.S. at 539, 556–57, 563–72. Rather, all that is required is that petitioner receive written notice of the charges at least 24 hours in advance of the hearing. See id. The record reflects that petitioner received written notice of his C-4 disciplinary charge more than 24 in advance of his October 17, 2016, disciplinary hearing. Thus, petitioner has not established a due process violation with respect to this claim.

6

The court next turns to petitioner's claim that the DHO was impartial "because there was no evidence to support a guilty decision" for the C-4 offense. ((DE 23), p. 3). As stated, due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Hill, 412 U.S. at 455; see also, Germain v. Nastri, No. JFM–11–810, 2012 WL 527582, at *5 (D. Md. Feb.15, 2012) (holding the hearing officer's statement that inmate would be found guilty if he proceeded with a hearing "is not enough, alone, to establish an absence of impartiality."). A C-4 disciplinary offense is defined as follows: "Fight or engage in mutual physical confrontation not involving weapons, or not involving outside medical attention[.]" (Resp't's Ex. 2, p. 5).

Here, the DHO based her finding of guilt, as to the C-4 charge, on Correctional Officer Bullard's statement that he observed petitioner and inmate McCullens fighting. (Resp't's Ex. 1, p. 2 ). In the course of the hearing, the DHO also considered a report from "UM Smith" stating that "[petitioner] struck I/M McCullen after inmate McCullen had struck [petitioner]. This was a physical altercation between two inmates" (Id.) Petitioner does not deny that he and inmate McCullens were fighting on the date at issue, but states that he was acting in self defense. ((DE 23), p. 3). The DHO considered this evidence at the hearing, but ultimately concluded that, despite the fact that inmate McCullen initiated the altercation, the two inmates "engaged in mutual physical confrontation not involving weapons." Based upon the foregoing, the court finds there is "some evidence" to support the C-4 disciplinary conviction, and due process was not violated.

Aside from petitioner's contention that there was insufficient evidence to convict him of the C-4 disciplinary offense, he makes only conclusory allegations that the DHO was impartial. "Bare allegations" of constitutional error are not sufficient grounds for habeas relief; the petitioner must proffer evidence to support his claims. See Nickerson v. Lee, 971 F.2d 1125, 1135 (4th Cir. 1992),

7

abrogated on other grounds recognized by, Yeatts v. Angelone, 166 F.3d 255, 261 n. 4 (4th Cir. 1999). Thus, the record does not support a finding that petitioner's disciplinary hearing was impartial, and the court finds that his due process rights were not violated.

To the extent petitioner asserts that his due process rights were violated because the appeal of his C-4 disciplinary conviction was not processed timely, no due process right attaches to the administrative appeals process. See Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990); Chambers v. Wilson, No. 1:15cv646, 2016 WL 775779, at * (E.D. Va. Feb. 24, 2016) ("To the extent the ruling may be administratively appealed, a prisoner has no federal due process rights in the appeal process.") (citation omitted), aff'd, No. 16-6398 (4th Cir. Oct. 4, 2016). According, this due process claim fails. Based upon the foregoing, petitioner has not established a due process violation, and respondent's motion for summary judgment is GRANTED.

B. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

8

encouragement to proceed further.' " Buck v. Davis, 137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 17) is GRANTED. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the ___ day of May, 2018.

TERRENCE W. BOYLE
United States District Judge

9